UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARSHALL FINCHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 3:07-CV-308 |
| ) | |
| SOUTH BEND HOUSING AUTHORITY ) | |
| and SOUTH BEND HERITAGE ) | |
| FOUNDATION, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Plaintiff, Marshall Fincher, tried to get an apartment in a complex in South Bend that is managed by the South Bend Heritage Foundation ("SBHF").  His application was denied by a property manager employed by the SBHF.  He subsequently filed suit against the SBHF and the South Bend Housing Authority (SBHA) claiming that his rights were violated under the United States Housing Act (USHA) and the Fair Housing Act (FHA).  Fincher has moved for partial summary judgment on the grounds that there is no dispute of material fact that he requested, but was denied, a hearing on the SBHF's denial of his application. Only claims against SBHF are at issue in the present motion.

**FACTUAL BACKGROUND**

Fincher was a resident of the SBHA in 2006 until the SBHA terminated his tenancy. (Complaint, ¶¶ 2-3).  Subsequent to the termination of his tenancy, he applied for admission to another apartment complex,  (*Id.*, ¶ 5), which is managed by the SBHF. (Affidavit of Bill Weeks, ¶¶ 2-3).  Bill Weeks, who was employed by the SBHF as a Real Estate Property Manager, met

1

with Fincher to review his application on September 5, 2006, in accordance with the standard operating procedures of the SBHF.  (*Id.*, ¶¶ 1, 5-7).  Weeks determined that he could not approve Fincher's application due to an eviction within the last three years. (*Id.*, ¶ 7).  Weeks sent a letter to Fincher on September 19, 2006, informing him that the SBHF had denied his application and that he could request a meeting to discuss the SBHF's decision.  (*Id.*, ¶¶ 8-9).  On October 3, 2006, Fincher's attorney sent a fax to the SBHF requesting a meeting regarding the denial of Fincher's application.  (Affidavit of Kent Hull, Exhibit 1).

What occurred after Fincher's attorney sent the fax is in dispute.  Weeks claims that, on the same day he received the request for a meeting, he responded with a fax stating that he was not available that week but would be happy to schedule a meeting in the future.  (Affidavit of Bill Weeks, ¶11).  Weeks has not been able to locate a copy of this fax despite searching the records of the SBHF.  (*Id.*, ¶ 12).  Fincher and his attorney claim that they never received a response from Weeks regarding their request for a meeting.  (Affidavit of Marshall Fincher, ¶ 3, Affidavit of Kent Hull, ¶5).  No further communication between Fincher or his attorney and Weeks occurred until Fincher filed his complaint in St. Joseph County Superior Court on May 30, 2007.  (Affidavit of Marshall Fincher, ¶ 3, Affidavit of Kent Hull, ¶5, Affidavit of Bill Weeks, ¶ 13).

## DISCUSSION

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *Smith ex rel. Smith v. Severn*, 129 F.3d 419, 425 (7th Cir. 1997).  In seeking a grant of summary judgment, the moving party must identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together

2

with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citations omitted).  Once the movant has met this burden, the non-moving party must set forth "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e).  A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A party may seek summary judgment in part. Fed. R. Civ. P. 56(a).

Fincher has asked for partial summary judgment on the grounds "that there is no dispute of material fact that [he], through his attorney, requested, but was denied, a hearing on the decision by South Bend Heritage Foundation denying [his tenancy application]." (Motion for Partial Summary Judgment, P.2).  It is not clear whether Fincher is requesting partial summary judgment as to just one of his claims, or whether he is simply hoping the Court will declare a certain fact free from dispute.  In either case, summary judgment is not appropriate because this fact is in dispute.

Fincher claims that no meeting was offered or conducted in response to his attorney's request for a meeting following the denial of his tenancy application.  (Affidavit of Marshall Fincher, ¶¶ 2-3).  But Weeks claims that he sent Fincher's attorney a fax stating that he would be happy to arrange for a meeting to discuss the denial of Fincher's application.  (Affidavit of Bill Weeks, ¶11).  It's neither here nor there that Weeks cannot find the fax.  His affidavit stating that he sent it is enough to create a genuine issue of fact.  In deciding a motion for summary judgment, I cannot evaluate credibility, weigh evidence, or decide which inferences to draw from the facts. *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003).  This is for a trier-of-fact to do. *Id.*  Because

3

the parties disagree as to whether a meeting was offered, there is a dispute of fact and summary judgment is not appropriate.

As an additional matter, even if there was not a dispute of fact, there is a question as to whether the fact is material. A material fact is one "that might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. Fincher has not identified any law that entitles him to a hearing based on the denial of his application. There is nothing in either housing act at issue here which requires private owners to provide a hearing to applicants. Indeed, the Seventh Circuit has expressly stated that an applicant for housing under Section 8 of the USHA is not entitled to a hearing under the Due Process Clause of the Fifth Amendment. *Eidson v. Pierce*, 745 F.2d 453, 460-61 (7th Cir. 1984). Because Fincher has not demonstrated that the law entitles him to a hearing, summary judgment would be inappropriate even in the absence of a dispute of fact.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Partial Summary Judgment is **DENIED**.

**SO ORDERED**.

ENTERED: March 14, 2008

/s Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

4